James E. Berger (JB-6605)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700

Attorneys for Petitioner
Frontera Resources Azerbaijan Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of Arbitration between

Frontera Resources Azerbaijan Corporation

       Petitioner,

- and -

State Oil Company of the Azerbaijan Republic,

       Respondent

**Petition to Confirm Arbitral Award**

    Petitioner Frontera Resources Azerbaijan Corporation ("Frontera"), by and through its undersigned counsel, alleges as follows:

    1.  Frontera Resources Azerbaijan Corporation ("Frontera") brings this summary proceeding under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et. seq.*, to confirm a duly-rendered arbitration award issued in its favor and against Respondent State Oil Corporation of the Azerbaijan Republic ("SOCAR").

    2.  Frontera is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at c/o Maples & Calder, P.O. Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands.

3. Upon information and belief, Respondent is a company owned by, and organized and existing under the laws of, the Republic of Azerbaijan, having its principal place of business at Baku 370601, Neftchilar Prospecti 73, Republic of Azerbaijan.

4. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §1330(a) and 9 U.S.C. § 203.

5. SOCAR is not a "person" to whom due process must be accorded within the meaning of the United States Constitution. Accordingly, this Court is not required to find that it has personal jurisdiction over SOCAR. To the extent this Court finds that SOCAR is a person to whom due process must be accorded, this Court may exercise personal jurisdiction over SOCAR pursuant to 28 § 1330(b). Furthermore, upon information and belief, the Court may exercise personal jurisdiction over SOCAR as a result of:

> (a) SOCAR's processing of various revenues from its sale of oil and petroleum products through bank accounts located in New York; and
>
> (b) SOCAR's regular contacts with the United States, in the form of its regular conduct of business with entities and persons located in the United States, including, without limitation, ExxonMobil, Chevron, Unocal, Moncrief, and Conoco Phillips.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 and 28 U.S.C. §1391(c) and (d).

## Facts

7. In November 1998, Frontera and SOCAR entered into a written Agreement on the Rehabilitation, Exploration, Development and Production Sharing for the Block, Including the Kursangi and Karabagli Oil Fields in the Azerbaijan Republic ("Agreement"). The Agreement, authenticated by the February 13, 2006 Declaration of M. Scott Harper, is attached hereto as Exhibit A and made a part hereof.

8. Article 26 of the Agreement contains a provision whereby SOCAR expressly agreed to submit to binding arbitration in the event that a dispute among the parties to the Agreement was not resolved to the parties' mutual satisfaction. Specifically, Paragraph 26.3 provides as follows:

> 26.3 <u>Arbitration</u>
>
> (a) Except for any matter to be referred to an expert pursuant to Articles 16.2(a)(ii) and 16.2(c), in the event of a dispute arising between SOCAR and any or all of the Contractor Parties (including matters which are not resolved at the Steering Committee), the disputing Parties shall meet in an attempt to resolve the dispute to their mutual satisfaction by reference to the terms of this Agreement. If satisfactory mutual agreement is not achieved within thirty (30) days after receipt by a Party of notice of such dispute, such dispute shall be settled in accordance to the Arbitration Procedure and the applicable law provisions of Article 26.1.

9. The Arbitration Procedure referred to in Paragraph 26.3 is set forth in Appendix 6, ¶1.1 of the Agreement. Appendix 6 obligated the parties to resolve their disputes pursuant to binding arbitration conducted under the Arbitral Rules of the United Nations Commission on International Trade Law (the "UNCITRAL Rules"). Specifically, Paragraph 1.1 states as follows:

> 1.1  Except as otherwise provided in this Agreement, all disputes arising between SOCAR and any or all of the Contractor Parties, including, without limitation, any dispute as to the validity, construction, enforceability or breach of this Agreement, which are not amicably resolved by the Parties in accordance with the provisions of Article 26.3(a) shall be finally settled by a sole arbitrator appointed by the unanimous decision of the Parties or, in the absence of such unanimous decision, by a panel of three (3) arbitrators, under the Arbitration Rules of the United Nations Commission on International Trade Law known as UNCITRAL (the "Rules") adopted on 15 December 1976 as amended by UNCITRAL from time to time. In the event the Rules fail to make provision for any matter or situation the arbitration tribunal shall establish its own rules to govern such matter and procedure and any such rules so adopted shall be considered as part of the Rules.

10. SOCAR has explicitly waived any claim of immunity, including sovereign immunity, for purposes of any arbitration held under the Agreement. SOCAR's waiver of immunity specifically extends to any action taken to enforce and/or execute upon any arbitration decision. Specifically, Paragraph 1.1 of Appendix 6 of the Agreement provides, in pertinent part, that:

> For the purposes of allowing such arbitration, and enforcement and execution of any arbitration decision, award, issuance of any attachment, provisional remedy or pre-award remedy, each Party waives any and all claims to immunity, including, but not limited to, and claims to sovereign immunity.

11. In 2000, a dispute arose between the parties as a result of SOCAR's failure to pay for oil delivered by Frontera in accordance with the Agreement, and further as a result of the Azeri Government's seizure of oil that Frontera sought to sell on the export market.

12. In accordance with the Agreement, Frontera representatives met several times with SOCAR in an attempt to resolve the dispute. These meetings failed to bring about a satisfactory resolution. As a result, on July 10, 2003, Frontera duly served SOCAR with a request for arbitration. The request for arbitration complied in all respects with the requirements

-4-

of the Agreement.

13. During the arbitral hearing, SOCAR submitted extensive briefs, witness statements and expert reports on the merits of Frontera's claims.

14. On January 16, 2006, the Arbitral Tribunal issued the Final Award, a true and correct certified copy of which is attached hereto as Exhibit B and made a part hereof. In the Final Award, the Tribunal ordered as follows:

> (a) Ordered SOCAR to pay immediately to Frontera the sum of $1,240,784, plus interest at the rate of LIBOR plus four percent from January 1, 2001 until full payment is made.
>
> (b) Ordered Frontera to compensate SOCAR for its costs of arbitration in the amount of GPB 28,200, $170,400, and SEK 515,404.
>
> (c) Ordered Frontera to pay to the arbitrators, in consideration of their fees and expenses, SEK 1,903,701.

15. SOCAR has not made any payment to Frontera to date.

**Cause of Action**

**(Confirmation of Arbitration Award Pursuant to 9 U.S.C. § 201 et. seq.)**

16. Petitioner repeats and realleges the allegations in paragraphs 1 through 15 as if set forth fully herein.

17. The Agreement is an "agreement in writing" within the meaning of Article II(2) of the New York Convention.

18. The Agreement and the Award arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

19. The Award was made in Sweden, a nation that is a signatory to the New York Convention and which is a state other than the state where recognition and enforcement is sought hereby.

20. Azerbaijan and the United States are each signatories to the New York Convention.

21. None of the grounds for refusal or deferral of the Award set forth in the New York Convention apply.

22. The Award is required to be confirmed pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, Petitioner prays:

(a) That the Court enter an order pursuant to 9 U.S.C. §207 confirming the Final Award against SOCAR; and

(b) That, on the basis of the confirmed Final Award, the Court enter judgment that SOCAR is liable to the Claimant in the amount of $1,240,784, plus interest from January 1, 2001 as specified in the Agreement; and

(c) That Frontera be awarded such other and further relief as may be proper.

Dated: Washington, DC   By: _____
       February 14, 2006               James E. Berger (JB-6605)

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700

Counsel for Plaintiff
Frontera Resources Azerbaijan Corporation

LEGAL_US_E # 70298588.2

-7-