James E. Berger (JB-6605)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700

Attorneys for Petitioner
Frontera Resources Azerbaijan Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of Arbitration between

Frontera Resources Azerbaijan Corporation,

     Petitioner,

 - and -

State Oil Company of the Azerbaijan Republic,

     Respondent.

**Memorandum of Law in Support of Motion to Confirm Arbitral Award**

   Frontera Resources Azerbaijan Corporation ("Frontera"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Confirm Arbitral Award (the "Motion"). Frontera's Motion should be granted, and its arbitration award against Respondent should be confirmed and judgment entered thereon, for all the following reasons.

## Background

   In November 1998, Frontera and SOCAR entered into a four-party financing and revenue sharing agreement (the "Agreement") pursuant to which Frontera was to explore, develop, rehabilitate and manage petroleum resources in a specified area of the Republic of Azerbaijan. *See* Declaration of James E. Berger, Feb. 13, 2006 ("Berger Decl."), ¶ 3 & Ex. A.; Declaration

of M. Scott Harper, Feb. 13, 2006 ("Harper Decl."), ¶ 2 & Ex. A. Frontera carried out all of its obligations under the Agreement. In 2000, a dispute arose between Frontera and SOCAR as a result of SOCAR's failure to pay for oil delivered to it by Frontera. When Frontera, as a result of SOCAR's non-payment, sought to sell the oil to purchasers located outside Azerbaijan, Azeri customs officials – acting at SOCAR's behest – refused to allow Frontera to export the oil outside of Azerbaijan. Without the ability to export the petroleum that its exploration, rehabilitation and development activities had helped to produce, Frontera was unable to make timely payments on its debts, and its creditors foreclosed on certain loans Frontera had obtained to finance its activities under the Agreement.

In accordance with the Agreement, Frontera took multiple steps to resolve the dispute amicably. When these attempts proved unsuccessful, Frontera served notice of the dispute on SOCAR by mail and facsimile at its Baku address as specified in the Agreement. When no resolution had been reached after the contractually agreed upon 30 days had elapsed, Frontera then duly served, on July 10, 2003, a request for arbitration on SOCAR at its Baku address. Berger Decl. ¶ 8.

The arbitration was commenced and tried in Stockholm, Sweden. SOCAR participated in all aspects of the arbitration, submitting extensive memoranda, presenting evidence, and examining witnesses. Following a full hearing on the merits, the Tribunal issued its final award (the "Award") on January 16, 2006. Berger Decl. ¶ 11 & Ex. B. In the Award, the Arbitration Tribunal ordered SOCAR to immediately pay Frontera the sum of $1,240,784, plus interest. Berger Decl. ¶ 11 & Ex. B. Despite the Tribunal's order that SOCAR make payment "immediately," SOCAR has made no payment to Frontera as of the date hereof. Berger Decl. ¶ 13.

True and correct copies of the Agreement (authenticated by M. Scott Harper) and the Award (certified by the Tribunal) are attached to the Petition to Confirm Arbitral Award, filed herewith, as Exhibits A and B, respectively. *See* Petition, Exs. A & B; Berger Decl., Exs. A & B; Harper Decl., ¶ 2 and Ex. A. An original version of the Award, containing an original signed certification by the members of the Tribunal, is attached as Exhibit B to the Berger Declaration.

### Argument

The Arbitral Award satisfies the requirements for confirmation under the Federal Arbitration Act, Chapter 2, 9 U.S.C. § 201 *et seq.*, which incorporates the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). Accordingly, the Award should be confirmed, and judgment should be entered thereon.[1]

#### A.     The Award is Covered by the New York Convention

Article I(1) of the New York Convention provides that it:

> shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal.

Where, as here, an arbitration award is subject to the New York Convention, it must be confirmed by the courts of a signatory nation unless one of a series of specified reasons for nonrecognition are present. Specifically, Article III of the New York Convention provides that "[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in

---

[1] It is well-settled that "[t]he 'confirmation of an arbitration award is a summary proceeding'" that is "'in the nature of a post-judgment enforcement proceeding.'" *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 n.2 (2d Cir. 2005) (citations omitted). Accordingly, Frontera submits that the Award may be confirmed, and judgment entered thereon, based on the papers submitted herewith.

accordance with the rules of procedure of the territory where the award is relied upon[.]"

The New York Convention is applied in the United States through Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et. seq*. Section 202 of the FAA provides that the New York Convention covers all arbitration agreements and awards "arising out of a legal relationship, whether contractual or not, which [are] considered as commercial." 9 U.S.C. § 202. Under Section 207 of the FAA, a court shall confirm an arbitration award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

It is clear that the Agreement and Award are covered by the New York Convention and the FAA. The Award grew out of a legal relationship – established by the Agreement – between Frontera and SOCAR, and there can be no dispute that that relationship is commercial in nature. *See* 9 U.S.C. § 202. The Agreement specified the rights and obligations of each party in a commercial relationship designed to rehabilitate, explore and further develop the petroleum resources in the Republic of Azerbaijan and to bring Azeri oil to the market for commercial sale and export. When SOCAR took affirmative steps to prevent Frontera from selling petroleum pursuant to the Agreement, a dispute arose concerning SOCAR's performance of its obligations under the Agreement. After efforts were made to resolve these differences, the matter was referred to final and binding arbitration pursuant to an express provision of the Agreement. In sum, this case provides a textbook example of an award that is subject to – and should be confirmed in accordance with – the New York Convention and the FAA.

**B.     Confirmation is Warranted Under the New York Convention and the FAA**

The Award was rendered in Stockholm, Sweden. Berger Decl. ¶¶ 9, 11 & Ex. B. Sweden became a signatory of the New York Convention on January 28, 1972. 21 UST 2517,

330 UNTS 3. The Republic of Azerbaijan is also a signatory of the New York Convention. Feb. 29, 2000, 330 UNTS 3. As each of Azerbaijan, Sweden, and the United States is a party to the New York Convention, the Award must be confirmed unless one of the grounds for refusal or deferral of recognition exist. 9 U.S.C. §207. No such grounds exist, and this action was timely commenced. Accordingly, confirmation is required.

## Conclusion

Frontera's Petition and Motion should be granted, and the Award confirmed and judgment entered thereon, for all the foregoing reasons.

Dated: Washington, D.C.  
February 14, 2006

By: _____  
James E. Berger (JB-6605)

Paul, Hastings, Janofsky & Walker LLP  
875 15th Street, N.W.  
Washington, DC 20005  
(202) 551-1700

Counsel for Plaintiff  
Frontera Resources Azerbaijan Corporation

LEGAL_US_E # 70298591.4

James E. Berger (JB-6605)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

Attorneys for Petitioner
Frontera Resources Azerbaijan Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of Arbitration between

Frontera Resources Azerbaijan Corporation,

           Petitioner,

- and -

State Oil Company of the Azerbaijan Republic,

           Respondent.

Case No. 06 cv 1125 (RJH)

---

## DECLARATION OF SERVICE

James E. Berger declares as follows:

1.    I am over 18 years of age, am not a party to this proceeding, and am employed by the law firm of Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, New York, 10022, counsel to Petitioner Frontera Resources Azerbaijan Corporation ("Frontera") in this proceeding.

2.    On the 2nd day of March, 2006, I caused to be served true and correct copies of Frontera Resources Azerbaijan Corporation's **Notice and Petition to Confirm Arbitral Award, Motion to Confirm Foreign Arbitral Award, Memorandum of Law in Support of Motion to Confirm Arbitral Award, Declaration of James E. Berger, and**


**Declaration of M. Scott Harper** (the "Pleadings") by Express Mail, Federal Express and by e-mail on the following persons:

> By U.S. Postal Service Express Mail and Federal Express
>
> State Oil Company of the Azerbaijan Republic
> Baku 370601
> Neftchilar Prospecti 73
> REPUBLIC OF AZERBAIJAN
> Attention: The President
>
> Eldar Orudjev
> Chief of Legal Department
> State Oil Company of the Azerbaijan Republic
> Baku 370601
> Neftchilar Prospecti 73
> REPUBLIC OF AZERBAIJAN
>
> Irene Dallas
> Pillsbury, Winthrop, Shaw, Pittman LLP
> Tower 42, Level 23
> 25 Old Broad Street
> London, EC2N 1HQ
> UNITED KINGDOM
>
> By Electronic Mail
> Irene Dallas, Counsel to SOCAR in Arbitration
> Irene.dallas@pillsburylaw.com
>
> Eldar Orudjev
> SOCAR, Chief of Legal Department
> lawyer.eo@socar.gov.az

3. Irene Dallas served as counsel of record to Respondent State Oil Company of the Azerbaijan Republic ("SOCAR") during the arbitration proceeding that resulted in issuance of the arbitration award sought to be confirmed herein.

4. The foregoing method of service is consistent with and complies in all respects with the notice requirements set forth in Article 27 of the Agreement on the

Rehabilitation, Exploration, Development and Production Sharing for the Block, Including the Kursangi and Karabagli Oil Fields in the Azerbaijan Republic between Frontera and SOCAR.

5. Article 27 does not require that notices be served on Ms. Dallas or Mr. Orudjev. Frontera served the Pleadings on these individuals in order to ensure that SOCAR received actual and prompt notice of this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 9th day of March 2006.

_____
James E. Berger (JB-6605)